UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MCVAY,<br><br>    Petitioner,<br><br>    v.<br><br>STEVEN MERLAK,<br><br>    Respondent. | Case No. 1:20-cv-00486-JDP<br><br>ORDER REQUIRING RESPONDENT TO RESPOND TO PETITIONER'S REQUEST FOR A TEMPORARY RESTRAINING ORDER<br><br>ORDER REGARDING CONVERSION OF PETITION FOR WRIT OF HABEAS CORPUS TO CIVIL RIGHTS ACTION UNDER 42 U.S.C. § 1983<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK TO SEND PETITIONER § 1983 COMPLAINT FORM |

    Petitioner Steven McVay, a federal prisoner without counsel, seeks a writ of habeas corpus and a temporary restraining order under 28 U.S.C. § 2241. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th

1

Cir. 1998). Petitioner sole request for relief is a temporary restraining order against his prison to prevent his transfer to a different prison facility. ECF No. 1.

**Discussion**

Petitioner states that the Taft Correctional Institution, where he is imprisoned, will be closing on April 30, 2020. ECF No. 1 at 2. As a result, all prisoners at Taft were notified that they will be moved to other prison facilities at that time and they will not be notified of their new placement until they are in transit to that placement. *Id*. Petitioner bases his request on the outbreak of the COVID-19 virus—he states that he is 71 years old, elderly and frail, and faces potential death if exposed to the virus. *Id*. at 2, 3. Petitioner states that he is scheduled to be released in August 2020 under the elderly offender program. *Id*. at 3. Petitioner states that there are no known cases of COVID-19 at Taft, but that many of the potential placement prisons for Taft inmates have staff and/or inmates infected with the virus. Therefore, petitioner requests that we order his prison to refrain from transferring him to a different facility until either the COVID-19 virus is contained or until he has finished serving his sentence. *Id*. at 4.

First, due to the time-sensitive nature of petitioner's motion for a temporary restraining order, we will order respondent to respond expeditiously to petitioner's motion. Respondent should respond within five days of the date of entry of this order and address both the merits of the motion and any procedural issues that may bar relief. The response need not be lengthy. Petitioner may have five days to file a reply, if any, after the response is filed.

Second, because petitioner's habeas request for relief is limited to the conditions of his confinement, we will require petitioner to notify us whether he would like to continue with his action as filed or, rather, seek relief under 28 U.S.C. § 1983. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see Greenhill v. Lappin*, 376 F. App'x 757, 757-58 (9th Cir. 2010) (holding that the appropriate remedy for a federal prisoner's claim that relates to the conditions of his confinement is a civil rights action under *Bivens v. Six Unknown Named Narcotics Agents*, 403 U.S. 388 (1971)). Claims concerning various prison conditions brought

pursuant to § 2241 have been dismissed in this district for lack of subject matter jurisdiction with indications that an action pursuant to *Bivens* is appropriate.[1]

Here, petitioner has neither claimed that he is in custody in violation of federal law, nor that the duration of his sentence violates federal law. Rather, he seeks an order preventing his transfer to another facility, which is a request turning on the circumstances of his confinement. Therefore, habeas relief is not proper here. However, petitioner may seek relief by converting this case from a petition for habeas corpus to a civil rights action under 28 U.S.C. § 1983.

Petitioner may convert a habeas petition to a § 1983 complaint. *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) ("If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint."). Because petitioner is unrepresented, we must further warn him of the consequences of conversion. *See Nettles*, 830 F.3d at 936. Habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). *Nettles*, 830 F.3d at 936 (citing *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011). If petitioner chooses to convert the instant matter to a civil rights action, the filing fee for § 1983 civil rights cases is $350. Petitioner will be required to pay the full amount by way of deductions from income to his trust account, even if he is granted *in forma pauperis* status. *See* 28 U.S.C. § 915(b)(1).[2]

---

[1] *See, e.g.*, *Burnette v. Smith*, No. CIV S-08-2178 DAD P, 2009 U.S. Dist. LEXIS 20219 at *1 (E. D. Cal. Mar. 13, 2009) (petitioner's confinement in segregated unit for security purposes and prison's refusal to transfer petitioner should be raised as *Bivens* action, not as § 2241 habeas action); *Evans v. U.S. Penitentiary*, No. 1:07-CV-01611 OWW GSA HC, 2007 U.S. Dist. LEXIS 87181, at *1 (E.D. Cal. Nov. 27, 2007) (petitioner is not entitled to habeas relief under § 2241 because his claims regarding a recent transfer and inadequate medical care concern conditions of his confinement); *Blow v. Bureau of Prisons*, No. 1:07-CV-01119 OWW NEW (DLB) HC, 2007 U.S. Dist. LEXIS 60881, at *1 (E.D. Cal. Aug. 20, 2007) (habeas relief under § 2241 does not extend to petitioner's requests for transfer to another facility because it concerns conditions of his confinement).

[2] The court notes that petitioner has not been authorized to proceed in forma pauperis in this case.

3

If petitioner wishes to convert his petition to a § 1983 complaint, he may wish to amend his petition so that he may more thoroughly explain his § 1983 claim. The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *See id.*

To satisfy the first prong, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *See id.* "The Constitution 'does not mandate comfortable prisons.'" *Id.* at 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). To satisfy the second prong, the official must know of and disregard an excessive risk to inmate safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

Should petitioner choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of petitioner's constitutional or other federal rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Petitioner must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Petitioner must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Petitioner should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Petitioner should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of petitioner's rights. Petitioner should also describe any harm he suffered from the violation of his rights.

Any amended complaint will supersede the original pleading, *Lacey v. Maricopa County*,

693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original pleading, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Petitioner also may, at his option, voluntarily dismiss his habeas petition without prejudice to refiling his claims as a § 1983 civil rights action. If petitioner does not wish to convert his case or voluntarily dismiss his petition, his case will be subject to dismissal for lack of jurisdiction. Petitioner must respond to this order within ten days indicating whether he consents to conversion, wishes to voluntarily dismiss his petition, or intends to proceed with his original pleading.

**Order**

1. Within five days of the date of service of this order, respondent is required to respond to petitioner's request for a temporary restraining order. ECF No. 1. Petitioner may file a reply within five days of respondent's response.

2. Within ten days of the date of service of this order, petitioner is required to notify this court whether he wishes to proceed with his petition as filed, voluntarily dismiss his petition, or convert his case to seek relief under § 1983.

3. The clerk of court is directed to send petitioner a § 1983 form.

IT IS SO ORDERED.

Dated: __April 8, 2020__                  _____
                                                          UNITED STATES MAGISTRATE JUDGE

No. 206.