UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MCVAY,<br><br>    Petitioner,<br><br>v.<br><br>STEVEN MERLAK,<br><br>    Respondent. | Case No.   1:20-cv-00486-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND TO DISMISS THE CASE<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF Nos. 1, 5<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

    Petitioner Steven McVay, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. The petition, filed on April 6, 2020, contained a time-sensitive request for a temporary restraining order. *Id*. Petitioner requested a court order that would prevent his transfer to a different prison upon the imminent closing of his prison of incarceration. Petitioner argued that his then-upcoming transfer placed him in immediate danger due to the possibility of contracting the COVID-19 virus at the alternate facility. Thus, on April 7, 2020, the court ordered respondent to file a response. ECF No. 3. On April 13, 2020, respondent argued in opposition to petitioner's request, claiming that this court lacks jurisdiction to compel

1

the prison to take the action requested by petitioner. ECF No. 4.[1] Petitioner did not reply, but on April 15, 2020, filed a second motion for temporary restraining order. ECF No. 5. Petitioner has since been released from prison to home confinement.

**Discussion**

The standard for dismissal of a habeas petition is set forth in Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, if it "plainly appears" that the petitioner is not entitled to relief, we must dismiss the petition. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). The "case-or-controversy requirement of Article III, § 2, of the Constitution subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal quotations omitted). Therefore, throughout civil proceedings, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*. at 477. "[I]f it appears that [the court is] without power to grant the relief requested, then the case is moot." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991). Here, petitioner was released from prison to home confinement in May 2020.[2] Accordingly, we cannot grant petitioner the relief he sought—an order preventing his transfer to another prison facility. Therefore, we recommend that his habeas petition be dismissed.

A petitioner seeking a temporary restraining order must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of such relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *See Winter*

---

[1] Although respondent attempted to make a motion to dismiss in the same document, such a filing does not comply with the local or federal rules because it was not filed as a separate document under the motion event in the court's electronic filing system. The court will not construe the respondent's filing as a motion to dismiss.

[2] We have reviewed the Federal Bureau of Prion's inmate locator listing for the petitioner and take judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* Federal Bureau of Prison Inmate Locator, https://www.bop.gov/inmateloc/ (search "Find an Inmate" for "Steven McVay"). Petitioner is under the supervision of the Sacramento residential reentry management field office.

*v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). Because petitioner has been released to home confinement, he cannot show that he is currently in danger of the potential harm from which he sought relief—exposure to the COVID-19 virus at the alternate prison facility. Therefore, petitioner has not made the required showing for a temporary restraining order and we recommend that his motion be denied.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we recommend that the court not issue a certificate of appealability.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court deny petitioner's motions for temporary restraining orders, ECF Nos. 1, 5, and dismiss the case. These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to

Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

    The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:   June 2, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.